### RALLS v STATE

Ohio Appeals, 3rd Dist, Crawford Co
No. 1295. Decided August 11, 1931

A. W. Wisman and E. W. Lutz, Bucyrus, for Ralls.

J. D. Sears, Bucyrus, for State.

LLOYD, J (6th Dist), sitting for CROW, J.

KLINGER, J.

Counsel for plaintiff in error maintains that murder in the first degree is not charged in this indictment and therefore the opening statement of the prosecuting attorney to the jury was prejudicial. The objection on the part of plaintiff in error to the indictment, does not charge a defect in the indictment, but claims that it does not charge the crime of murder in the first degree, but does charge the crime of shooting with intent to kill or with assault with intent to kill.

This indictment, as has been heretofore stated, is drawn under §12402-1 GC, which provides:

"Whoever purposely and wilfully kills a sheriff * * * in the discharge of his duties * * * is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused person recommend mercy."

The validity of this section, together with the sufficiency of an indictment drawn thereunder, came before the Supreme Court in the case of **Holt v State, 107 Oh St 307; Atkins v State, 115 Oh St 542;** and, **Freeman v State, 119 Oh St 250.** According to these holdings, this court is of the opinion that the indictment correctly and sufficient-

ly charges the crime of murder in the first degree under this section of the statute, and the court in 107 **Oh St,** held that this section of the statute is not contrary to the provisions of **Article 1, §9 and Article 2, §26 of the Constitution of Ohio.** According to these holdings, this court is of the opinion that the indictment correctly and sufficiently charges the crime of murder in the first degree under this section of the statute.

An indictment sufficiently charges the crime of murder in the first degree under §12402-1, GC, in the following words:

"The jurors of the Grand Jury of said county, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Walter Ralls, Blanton Ralls and Elijah Ralls late of said county, on the 23rd day of January in the year of our Lord one thousand nine hundred and thirty one at the county of Crawford aforesaid, with force and arms at the county of Crawford, and State of Ohio, aforesaid, in and upon one George Davenport, a sheriff of Crawford county, Ohio, then and there being, and whilst the said George Davenport, as a sheriff aforesaid, was engaged in the discharge of his duties as a sheriff as aforesaid, did make an asasult in a menacing manner, with a certain shot gun then and there loaded and charged with gunpowder and leaden shot, which said shot gun, they, the said Walter Ralls, Blanton Ralls and Elijah Ralls, then and there had in their joint possession and control, and then and there unlawfully, purposely and wilfully did discharge and shoot off to, against and upon the said George Davenport, a sheriff as aforesaid, whilst the said George Davenport was engaged in the discharge of his duties as a sheriff as aforesaid, with the intent the said George Davenport was engaged in the discharge of his duties as a sheriff as aforesaid, unlawfully and purposely to kill and murder; and that the said Walter Ralls, Blanton Ralls and Elijah Ralls, with the leaden shot aforesaid so as aforesaid by them, the said Walter Ralls, Blanton Ralls and Elijah Ralls, by force of the gunpowder aforesaid, then and there discharged and shot out of the shot gun aforesaid, then and there unlawfully, purposely and wilfully did him, the said George Davenport, a sheriff as aforesaid, and whilst the said George Davenport was engaged in the discharge of his duties as a sheriff as aforesaid, strike, penetrate and wound, with the intent him, the said George Davenport, a sheriff as aforesaid, and whilst the said George Davenport was engaged in the discharge of his duties as a

sheriff as aforesaid, unlawfully, purposely and wilfully kill and murder, then and there giving to him, the said George Davenport, a sheriff as aforesaid, and whilst the said George Davenport was engaged in the discharge of his duties as a sheriff as aforesaid in the abdomen of the body of him, the said George Davenport, a sheriff as aforesaid, and whilst the said George Davenport was engaged in the discharge of his duties as a sheriff as aforesaid, a mortal wound of which said mortal wound the said George Davenport, a sheriff as aforesaid, and whilst the said George Davenport was engaged in the discharge of his duties as a sheriff as aforesaid, then and there died. Contrary to the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

The next ground of error complained of was that the trial court erred in not granting a new trial, because of newly discovered evidence. There is nothing in the record, in our opinion, that warrants this claim or contention.

The admissions and confessions of Blanton Ralls were offered in evidence, and this written confession is not contradicted by the testimony of Blanton Ralls at the trial, but is supported in most particulars.

This statement, together with his testimony at the trial, showed that Blanton Ralls had participated in the crime of burglary, and that the sheriff and his aides and the local police officers of Crestline, were trying to apprehend a confederate of Blanton Ralls, Walter Ralls, for this crime of burglary; that a conspiracy was entered into between Walter Ralls, Blanton Ralls and Elijah Ralls to fight the officers of the law who were trying to apprehend the burglars, and in furtherance of this conspiracy to resist the officers of the law, they armed themselves with a revolver, a rifle and a shot gun for the express purpose of resisting arrest and fighting off the officers of the law, and in pursuance of this agreement and in carrying out this plan, the sheriff was shot, from the effects of which he died.

This admission, both in his statement and his evidence offered at the trial, brings this case within the section of the statute under which this indictment is drafted. It, in fact, admits the guilt of all the parties participating in the conspiracy. If all the other evidence were disregarded, the jury would be warranted and justified in arriving at the verdict and conclusion it did, upon this statement and testimony of Blanton Ralls.

When two or more persons conspire to resist a sheriff in the legal discharge of his official duties, and arm themselves with firearms for the purpose of resisting the officer, and one of the conspirators thereupon shoots and kills the sheriff while in the discharge of his official duties, all the conspirators are equally guilty, under §12402-1 GC, of murder in the first degree.

A number of other errors are assigned in the motion for new trial and in the brief of counsel. We have carefully investigated the transcript and bill of exceptions and find no error that would warrant or justify a reversal. The finding and judgment of the Court of Common Pleas will be affirmed. Exceptions saved.

JUSTICE, PJ, and LLOYD, J, the latter of the Sixth Appellate District, concur.